UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| BRIAN C. APPLEGATE,<br><br>　　　　　Plaintiff,<br>　v.<br>CALIFORNIA DEPARTMENT OF CORRECTIONS,<br><br>　　　　　Defendant. | Case No.: 1:13-cv-01787 - AWI - JLT<br><br>FINDINGS AND RECOMMENDATIONS THAT THE ACTION BE DISMISSED WITHOUT PREJUDICE |

Brian Applegate ("Plaintiff") is proceeding *pro se* and *in forma pauperis* with an action pursuant to the Freedom of Information Act. (Doc. 1.) Specifically, Plaintiff seeks to have the Court "direct[] the Appeal Coordinator, D. Goree, of CSP-Corcoran to perform according to 5 USCA §552(a)(2-7)." (*Id.* at 1.) Because the Freedom of Information Act does not apply to state agencies or state employees, the Court recommends the action be DISMISSED without prejudice.

**I.     Screening Requirement**

When a plaintiff proceeds *in forma pauperis*, the Court is required to review the complaint, and shall dismiss the case at any time if the Court determines that the allegation of poverty is untrue, or the action or appeal is "frivolous, malicious or fails to state a claim on which relief may be granted; or . . . seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. 1915(e)(2). A claim is frivolous "when the facts alleged arise to the level of the irrational or the wholly incredible, whether or not there are judicially noticeable facts available to contradict them." *Denton v. Hernandez*, 504 U.S. 25, 32-33 (1992).

## II. Pleading Standards

General rules for pleading complaints are governed by the Federal Rules of Civil Procedure. A pleading stating a claim for relief must include a statement affirming the court's jurisdiction, "a short and plain statement of the claim showing the pleader is entitled to relief; and . . . a demand for the relief sought, which may include relief in the alternative or different types of relief." Fed. R. Civ. P. 8(a). The Federal Rules adopt a flexible pleading policy, and *pro se* pleadings are held to "less stringent standards" than pleadings by attorneys. *Haines v. Kerner*, 404 U.S. 519, 521-21 (1972).

A complaint must give fair notice and state the elements of the plaintiff's claim in a plain and succinct manner, and identify the grounds upon which the complaint stands. *Swierkiewicz v. Sorema N.A.*, 534 U.S. 506, 512 (2002); *Jones v. Cmty Redevelopment Agency*, 733 F.2d 646, 649 (9th Cir. 1984). The Supreme Court noted,

> Rule 8 does not require detailed factual allegations, but it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation. A pleading that offers labels and conclusions or a formulaic recitation of the elements of a cause of action will not do. Nor does a complaint suffice if it tenders naked assertions devoid of further factual enhancement.

*Ashcroft v. Iqbal*, 556 U.S. 662, 677 (2009) (internal quotation marks and citations omitted). Conclusory and vague allegations do not support a cause of action. *Ivey v. Board of Regents*, 673 F.2d 266, 268 (9th Cir. 1982). The Court clarified further,

> [A] complaint must contain sufficient factual matter, accepted as true, to "state a claim to relief that is plausible on its face." [Citation]. A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. [Citation]. The plausibility standard is not akin to a "probability requirement," but it asks for more than a sheer possibility that a defendant has acted unlawfully. [Citation]. Where a complaint pleads facts that are "merely consistent with" a defendant's liability, it "stops short of the line between possibility and plausibility of 'entitlement to relief.'

*Iqbal*, 566 U.S. at 678 (citations omitted). When factual allegations in a complaint are well-pled, a court should assume their truth and determine whether the facts would make the plaintiff entitled to relief. *Id.* However, legal conclusions are not entitled to the same assumption of truth. *Id.*

## III. Discussion and Analysis

Plaintiff asserts that he requested the California Department of Corrections ("CDCR") make its "Screener's Handbook" "available for public inspection and copying" pursuant to Cal. Gov. Code §§

6250-6253.1.  (Doc. 1 at 1.)  He asserts that he completed a "Request to Inspect Public Records" on October 6, 2013 for the "Screener's Handbook," which was not answered.  (*Id.*)  Therefore, Plaintiff requests that this Court "apply 5 USCA § 552(a)…and compel [the] CDCR appeal coordinator to provide the 'Screener's Handbook.'"  (*Id.*)

Importantly, however, the Freedom of Information Act ("FOIA") applies only to federal agencies and authorities.  *St. Michael's Convalescent Hosp. v. State of California*, 643 F.2d 1369, 1373 (9th Cir. 1981) (FOIA "does not encompass state agencies or bodies"); *Kerr v. United States Dist. Court for N. Dist. Of California*, 511 F.2d 192, 197 (9th Cir. 1975) (explaining the purpose of FOIA was "to expand the access of the public to official records of federal agencies").  Consequently, this Court has determined that the Freedom of Information Act "is not applicable to the California Department of Corrections and Rehabilitation, a state agency." *Spencer v. Scribner*, 2008 U.S. Dist. LEXIS 104379, at *2 (E.D. Cal. Dec. 15, 2008) (*citing St. Michael's*, 643 F.2d 1369; *Kerr*, 511 F.2d at 197).  As a result, Plaintiff is unable to state a claim against the CDCR, and this Court cannot compel the appeal coordinator to produce documents pursuant to 5 U.S.C. § 552.

## IV.     Findings and Recommendations

A plaintiff should be granted leave to amend when the deficiencies of the complaint can be cured by amendment.  *Lopez v. Smith*, 203 F.3d 1122, 1130 (9th Cir. 2000).  When it appears beyond doubt that the Plaintiff can prove no set of facts, consistent with the allegations, in support of the claim or claims that would entitle him to relief, the a complaint would may be dismissed.  *See Hishon v. King & Spalding*, 467 U.S. 69, 73 (1984) (citing *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957)).   Here, it is clear that an amendment to the complaint would be futile, as the Freedom of Information Act does not apply to state agencies.  Moreover, any remaining state causes of action must be pursued state court given this Court lacks the authority to adjudicate purely state law matters.

Accordingly, **IT IS HEREBY RECOMMENDED**:

1. Plaintiff's complaint be DISMISSED without leave to amend; and
2. The Clerk of Court be directed to close this action.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(1)(B) and Rule 304 of the Local Rules of

Practice for the United States District Court, Eastern District of California. Within fourteen days of the date of service of these findings and recommendations, Plaintiff may file and serve written objections with the Court. A document containing objections should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Plaintiff is advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. *Martinez v. Ylst*, 951 F.2d 1153 (9th Cir. 1991).

IT IS SO ORDERED.

Dated: **December 16, 2013**          **/s/ Jennifer L. Thurston**
                                       UNITED STATES MAGISTRATE JUDGE